UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CHEUNG, <br> Plaintiff <br> v. <br> SOUTH PASADENA, et al., <br> Defendants. | Case No. 2:22-cv-01756-SVW (GJS) <br><br> INITIAL ORDER IN CIVIL RIGHTS CASES <br><br> [PRO SE PLAINTIFF] |

Under General Order 05-07, this case has been referred to United States Magistrate Judge Gail J. Standish for pre-trial proceedings. Where this Order imposes a requirement that differs from Judge Standish's Procedures, which are available on the Court's website, this Order governs.

**I.     Consent to Magistrate Judge**

The parties are advised that, to encourage the just and speedy determination of civil rights cases filed in this District, the parties may waive their right to proceed before a district judge and instead consent to have a magistrate judge render a final judgment. If any party wishes to consent, the party must file a completed Form CV-11 with the Clerk's Office. The parties may withhold consent without adverse substantive consequences. *See* Fed. R. Civ. P. 73(b)(2).

**II.     Pleadings and Documents Submitted to the Court**

Plaintiff is instructed to comply with the following requirements for submitting pleadings and documents to the Court.

    **A.     Filing Requirements**

        **1.     Filing by Hard Copy**

If Plaintiff files hard copies of documents concerning this case, they are to be submitted for filing either by direct filing at the filing window or by mail, addressed to "Holidae Crawford, Clerk to United States Magistrate Judge Gail J. Standish, U.S. Courthouse, 255 East Temple St., Los Angeles, CA 90012."

Under Federal Rule of Civil Procedure 11(a) and Local Rule 11-1, Plaintiff is required to sign each original document filed with the Court.

        **2.     Electronic Filing**

*CM/ECF Electronic Filing*:

As an alternative to filing hard copies, the Court permits *pro se* litigants with adequate technical resources to utilize its electronic filing system, CM/ECF, to file documents. In order to file electronically, a pro se litigant must comply with Local Civ. R. 5-4.1.1. Pro se litigants seeking permission to participate in electronic filing (and thus, electronic service as described below) should file an "Application for Permission for Electronic Filing" (CV-05).

Note that pro se litigants who agree to file and receive documents electronically maintain certain obligations regarding their electronic storage and receipt capabilities, including maintaining an "electronic post office box." *See* Local Civ. R. 5-4.8.2.

*Electronic Document Submission System*:

Alternatively, pro se litigants may submit documents for filing through the Court's Electronic Document Submission System (EDSS) instead of mailing or bringing documents to the Clerk's Office. EDSS is not the same as filing documents electronically in the Court's CM/ECF System as described above.

Registration is not required to use EDSS and you do not need a PACER account. Only internet access and an e-mail address are required. Documents are submitted in PDF format through an online portal on the Court's website. An email confirmation is sent to the filer upon receipt of the document. Court staff will then review your document for compliance with applicable local or federal rules prior to filing, as is done currently for documents received by mail or in person.

To access EDSS and for additional information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.

Attorneys may not use EDSS to submit documents on behalf of their clients. Attorneys are required by the local rules to file documents electronically using the Court's CM/ECF System.

### B. Contact Information

Every document Plaintiff sends related to this case must include on the first page Plaintiff's name and mailing address, telephone number, and fax number, if any. This address will be presumed correct and will be used to communicate with Plaintiff.

Plaintiff must immediately notify the Court and Defendant(s) of any change of Plaintiff's address. According to Local Civil Rule 41-6,

> If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

**If Plaintiff fails to maintain a current address with the Court, the Court may recommend dismissal of this action for failure to prosecute.**

### C. Form Requirements

Every document Plaintiff files in this case must include the title and case number (including judges' initials), have at least a one-inch margin at the top of

each page, and should be printed or handwritten on only one side of paper. C.D. Cal Local Civ. R. 11-3.1, 11-3.2, 11-3.8(e).

### D. Mandatory Chambers Courtesy Copies

The Court does NOT require courtesy copies of the following filings: (1) Requests for Extension of Time; (2) Requests for Leave to File Excess Pages; (3) Notices of Appearance, or (4) proposed orders. Courtesy copies of all other filings should be provided to Chambers in a manner consist with the Local Rules.

### E. Communications with Chambers Prohibited

Under Local Civil Rule 83-2.5, "parties to any action or proceeding shall refrain from writing letters to the judge, sending e-mail messages to the judge, making telephone calls to chambers, or otherwise communicating with a judge in a pending matter unless opposing counsel is present. All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules."

## III. Service

### A. The Complaint

Plaintiff must serve the summons and complaint on all named Defendants in this action within 90 days from the filing date of the Complaint, that is, by June 14, 2022. Plaintiff must file proof of service within 15 days of the date of service. If service is not completed within 90 days from the filing of the Complaint, the Court may dismiss this action in whole or against unserved defendants. Fed. R. Civ. P. 4(m). Service of the summons and Complaint must comply with Rule 4 of the Federal Rules of Civil Procedure.

### B. Subsequent Documents

#### 1. Litigants Not Registered for CM/ECF

Once any Defendant has been served with process or has entered an appearance in the case, Rule 5 of the Federal Rules of Civil Procedure requires that Plaintiff serve Defendant's attorney (or Defendant, if Defendant is not represented

by counsel) with a copy of **every** pleading or other document submitted for the Court's consideration. Every document submitted after any defendant has entered an appearance in the case or has been served with process **must be accompanied by a proof of service** upon each such defendant. *See* Fed. R. Civ. P. 5; C.D. Cal. Local Civ. R. 5-3.

## 2. Litigants Registered for CM/ECF

Pro se litigants who file documents electronically must comply with Local Rules 5-3.2.1 and 5-3.2.2.

## IV. Good Cause for Delay in Setting Date for a Scheduling Conference Under Federal Rule of Civil Procedure 16

Under Federal Rule of Civil Procedure 16, the Court must issue a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared," "unless the judge finds good cause for delay." Fed. R. Civ. P. 16(b)(2). The Court finds good cause exists to postpone issuance of a scheduling order. In the Court's experience with this type of case, delays and complexities in service of process and the potential for motions practice under Federal Rule of Civil Procedure 12(b) often render an early scheduling conference an inefficient use of the Court's and parties' resources. Accordingly, the Court will not set a deadline for a scheduling conference until the Defendants have answered. If any party seeks an earlier scheduling order deadline, the party may file a motion explaining why adherence to the Rule 16 deadline is in the interests of judicial economy.

## V. Discovery Obligations

Because the Court has not set a date for a scheduling conference, the parties' obligations to provide initial disclosures under Federal Rule of Civil Procedure 26(a) and to confer about discovery under Federal Rule of Civil Procedure 26(f) do not yet trigger. Nonetheless, the Court encourages the parties to familiarize themselves with these rules and fulfill their obligations as early as practicable in

order to streamline the litigation process.  The Court further reminds the parties that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless authorized by court order.  Fed. R. Civ. P. 26(d)(1).

**VI.     Exemption from Mandatory Alternative Dispute Resolution**

Although this Court encourages settlement discussions among the parties and is willing to facilitate such communications, under Local Civil Rule 16-15.1 and 16-15.9, this proceeding need not be subjected to mandatory alternative dispute resolution as otherwise required by Local Civil Rule 16-15.

**VII.    Pro Se Matters**

Although Plaintiff is proceeding pro se, *i.e.*, without legal representation, Plaintiff nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure.  See C.D. Cal. L.R. 83-2.2.3.  The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/ local-rules.

The Court cannot provide legal advice to any party, including pro se litigants. There is a free "Pro Se Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.  Public Counsel runs a free Federal Pro Se Clinic where pro se litigants can get information and guidance.  The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic).  Pro se litigants must call or submit an on-line application to request services as follows:  on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles; or call (213) 385-2977, ext. 270.

In addition, pro se litigants may submit documents for filing through the Court's Electronic Document Submission System (EDSS) instead of mailing or bringing documents to the Clerk's Office. Only internet access and an e-mail address are required.  Documents are submitted in PDF format through an online

portal on the Court's website.  To access EDSS and for additional information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.  Attorneys may not use EDSS to submit documents on behalf of their clients. Attorneys are required by the local rules to file documents electronically using the Court's CM/ECF System.

**VIII.  Strict Compliance**

**The Court expects from all parties, represented and unrepresented, strict compliance with all terms of this order, the Federal Rules of Civil Procedure, this Court's Procedures, and the Local Rules of this Court.**

IT IS SO ORDERED.

DATED: March 18, 2022

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE