UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01756-SVW (GJS) | Date | July 21, 2022 |
|---|---|---|---|
| Title | James Cheung v. South Pasadena, et al. | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge |
|---|---|

| E. Quintero | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**     (IN CHAMBERS) ORDER DENYING EX PARTE APPLICATION [Dkt. 28]

On July 5, 2022, Defendants filed their Motion to Dismiss Or In The Alternative For A More Definite Statement. [Dkt. 25, "Motion."] On July 6, 2022, pursuant to Local Rule 7-15, the Court issued an order that vacated the hearing date Defendants had set for the Motion and set a briefing schedule. [Dkt. 27, "July 6 Order."]

The Court is in receipt of Plaintiff's Ex Parte Application filed on July 18, 2022, which is verified. [Dkt. 28, "Application."][1] Plaintiff asks that the hearing date vacated by the July 6 Order be reinstated. He also asks that the General Order No. 05-07 reference to the United States Magistrate Judge – which is embodied on the docket as Docket No. 6, filed March 17, 2022 ("Reference") – be vacated and that this action proceed solely before United States District Judge Stephen V. Wilson. Plaintiff asserts that the Defendants have "improperly contacted the Court on an Ex Parte [*sic*] on a stealthy basis in an effort to move the case surreptitiously from the United States District Judge to the Magistrate Judge." Plaintiff contends that the Reference was not actually effective until the Defendants engaged in unlawful, surreptitious ex parte communications with the United States Magistrate Judge that caused the case to be removed from District Judge

---

[1]     Defendants filed their Opposition to the Application on July 19, 2022 [Dkt. 29], and Plaintiff filed his Reply on July 20 [Dkt. 30]. The Court has considered both filings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01756-SVW (GJS) | Date | July 21, 2022 |
|---|---|---|---|
| Title | James Cheung v. South Pasadena, et al. | | |

Wilson and to proceed solely before the United States Magistrate Judge. Plaintiff believes that there is something nefarious about the July 6 Order, given that it issued so soon after the Motion was filed, and asserts that it issued at the direction of Defendants' counsel. Plaintiff further asserts that because he chose to file this action in federal court rather than state court, he is entitled to have a federal judge who was appointed by the President and confirmed by the Senate, and who has life tenure, handle it. While Plaintiff states that he does not contend that the United States Magistrate Judge "is not fair and objective," "does not have any issues whatsoever with" her, and "has no reason to not want the Magistrate Judge to handle this matter," he also asserts that the only way in which he can have a "truly neutral forum" and to obtain an "impartial administrative" of his claim is to have the Reference vacated and for this case to proceed solely before District Judge Wilson. Finally, Plaintiff accuses Defendants' counsel of having violated the California Rules of Court, because an employee at counsel's law firm contacted the Courtroom Deputy Clerk in March 2022, to advise that Defendants would be opposing an earlier ex parte application filed by Plaintiff.

As a threshold matter, Plaintiff's sworn assertions to the effect that this case was referred to the United States Magistrate Judge because of some sort of improper collaboration or contact between the Magistrate Judge and counsel for Defendants is baseless and false. No such event occurred, as is explained below. While the Court understands that Plaintiff is proceeding on a pro se basis, he remains subject to the requirements of Fed. R. Civ. P. 11(b). Accusations of "unlawful" behavior and "false" statements, as well as ethical violations, directed at another party or its counsel should not be made without a sufficient factual and legal basis for making them, which did not exist in this instance.

Plaintiff appears to misunderstand what constitutes an improper ex parte communication with the Court. When necessary, the parties, including Plaintiff, may contact the Courtroom Deputy Clerk regarding purely procedural matters, such as the scheduling of motion hearing dates and/or if there is a question regarding a briefing schedule and/or, as occurred in this instance, to advise the Courtroom Deputy Clerk that a party intends to oppose a just-filed ex parte application. These types of contact are *not* improper ex parte communications with the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01756-SVW (GJS) | Date | July 21, 2022 |
|---|---|---|---|
| Title | James Cheung v. South Pasadena, et al. | | |

Pursuant to 28 U.S.C. § 636(b)(1), the United States District Courts are authorized to refer pretrial matters to the United States Magistrate Judges, whether for disposition by the Magistrate Judges alone in certain instance or for the preparation of proposed findings of fact and recommendations for disposition by the District Judges in other instances.  In this District, such authority is implemented through Local Rules 72-1 through 72-3.6 and General Order No. 05-07.  Among other things, General Order No. 05-07 mandates that certain categories of cases be referred to the United States Magistrate Judges pursuant to 28 U.S.C. § 636(b)(1), which includes 42 U.S.C. § 1983 actions brought by self-represented litigants.  This case falls within the scope of that mandatory referral, and thus, pursuant to General Order No. 05-07, the Clerk's Office automatically issued the Reference *the day after this action commenced*.  That Reference was effective on the March 17, 2022 date on which it issued; no further action was needed.[2]  Neither the United States Magistrate Judge nor any Defendant or defense counsel had *any* involvement in the issuance of the Reference or in "effectuating" it, as Plaintiff contends.

Plaintiff further complains that the application of the required procedure under 28 U.S.C. § 636(b)(1), Local Rule 72-1 *et seq.*, and General Order No. 05-07 in this case was improper because it happened without his consent.  Plaintiff's consent, however, was not required, as the above-described mandatory reference procedure applies to all pro se litigants who file Section 1983 actions.  That Plaintiff apparently disagrees with General Order No. 05-07 mandatory reference procedure that governs all cases filed in the Central District of California is his prerogative, but that disagreement does not entitle him to exempt himself from a procedure that applies to all litigants in his position or to insist that the procedure cannot be applied absent his consent.  The same is true with respect to Local Rule 7-15, which permits all Judges of this Court to resolve motions without hearings when doing so appears warranted.  Plaintiff erroneously conflates his view that

---

[2]      Plaintiff's assertion that he somehow thwarted the March 2022 General Order No. 05-07 Reference from going into effect, but that Defendants recently caused it to be effectuated through an improper ex parte communication, is factually and legally baseless.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01756-SVW (GJS) | Date | July 21, 2022 |
|---|---|---|---|
| Title | James Cheung v. South Pasadena, et al. | | |

the Motion lacks merit with the purported need for a hearing on the Motion.  In his to-be-filed Opposition to the Motion, Plaintiff should carefully, clearly, and concisely explain why he believes the Motion should be denied.  Should anything in Plaintiff's Opposition persuade the Court that a hearing on the Motion is needed and appropriate, one will be scheduled.

Plaintiff should file his Opposition to the Motion by the scheduled due date.  If an extension of time is needed, it will be granted if Plaintiff files a properly-supported application for the same.  The Court assures Plaintiff that the Opposition will be considered carefully and fairly in connection with the Court's preparation of a Report and Recommendation to be issued and provided to Judge Wilson for his review, once all briefing is concluded.  All parties will have the opportunity to file objections to that Report and Recommendation if they believe objections are warranted.  Judge Wilson, of course, will issue the ultimate decision on the Motion.  *See* 28 U.S.C. § 636(b)(1)(A).

For the foregoing reasons, the Application must be, and is, is DENIED.

**IT IS SO ORDERED.**